**UNITED STATES of America, Plaintiff,**

v.

**A.J.M., C.T.Y. and D.J., juveniles, Defendants.**

**Crim. No. 88–35.**

United States District Court, D. New Mexico.

June 14, 1988.

Rhonda Backinoff, Asst. U.S. Atty., Albuquerque, N.M., for U.S.

Stephen G. French, Albuquerque, N.M., for C.T.Y.

Michael V. Davis, Albuquerque, N.M., for D.J.

Whitney Johnson, Albuquerque, N.M., for A.J.M.

## MEMORANDUM OPINION

CONWAY, District Judge.

THIS MATTER came on for consideration of the government's Motions to Transfer A.J.M., C.T.Y. and D.J.[1] to adult status pursuant to 18 U.S.C. § 5032 of the Federal Juvenile Delinquency Act. The government moved to transfer the juveniles to adult status in order to prosecute them for murder. A hearing on the government's motion was held on May 11 and May 12, 1988.

At the closed hearing, the government's witnesses included a psychiatrist who had interviewed one of the juveniles, a pathologist, the FBI agent assigned to the case, a counselor from a school attended by the juveniles, the principal of a school attended by the juveniles and the mother of one of the juveniles. Through these witnesses, the government introduced evidence on five of the six interest-of-justice factors listed in 18 U.S.C. § 5032. As to each of the juveniles, the government presented evidence on the age and social background of the juvenile, the nature of the alleged offense, the extent and nature of the juvenile's prior delinquency record, the juvenile's present intellectual development and psychological maturity and the nature of past treatment efforts and the juvenile's response to such efforts. The government presented no evidence on the availability of programs designed to treat the juveniles' behavioral problems. At the close of the government's case, I made oral findings for each juvenile on each of the § 5032 factors and denied the government's motion to transfer.

I hold that without some evidence from the government on the availability of programs designed to treat a juvenile's behavioral problems, I cannot find that the interests of justice are served by granting the government's motions to transfer the juveniles. The alleged offense is heinous yet I feel I have no choice but to deny the government's motion to transfer when the government has failed to present any evi-

---

1. Pursuant to the provisions of 18 U.S.C. § 5038, only the initials of the juveniles are used.

dence on one of the factors 18 U.S.C. § 5032 requires me to consider on such a motion.

Juvenile cases are seldom brought in federal court, but when they are, they inevitably present "... the bleakest of dramas ... and are unrelievedly sad for society and unutterably tragic ..." for the juveniles. *United States v. E.K.*, 471 F.Supp. 924, 926 (D.Ore.1979). Without authority to the contrary, I simply cannot find the interests of justice are best served when the government has presented no evidence on the availability of treatment programs for the juveniles. To do otherwise would be to ignore the rehabilitative focus of the Federal Juvenile Justice Act.

An order in accordance with this opinion will be entered forthwith.